**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____    Chapter **11**

☐ Check if this is an amended filing

# Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Sticky Fingers II LLC |
| 2. | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Sticky's Finger Joint <br> Sticky's |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 8 0 - 0 9 5 7 1 2 5 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 484        3rd Avenue <br> Number    Street | 24        East 23rd Street <br> Number    Street |
| | P.O. Box |
| New York        NY        10016 <br> City        State    ZIP Code | New York        NY        10010 <br> City        State    ZIP Code |
| New York County <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number    Street <br><br> City        State    ZIP Code |

5. **Debtor's website** (URL)    https://stickys.com/

Debtor  **Sticky Fingers II LLC**                    Case number *(if known)*
        Name

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
|   |   | ☐ Partnership (excluding LLP) |
|   |   | ☐ Other. Specify: |

| 7. | Describe debtor's business | A. *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

7  2  2  5

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |
|---|---|---|

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor  Sticky Fingers II LLC
_____
Name

Case number (*if known*) _____

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
☒ No
☐ Yes.

If more than 2 cases, attach a separate list.

District _____  When _____  Case number _____
              MM / DD / YYYY

District _____  When _____  Case number _____
              MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**
☐ No
☒ Yes.

Debtor  See Attachment 1   Relationship _____
District _____   When _____
                       MM / DD / YYYY
Case number, if known _____

List all cases. If more than 1, attach a separate list.

11. **Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No
☒ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☒ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**  484    3rd Avenue
                             Number    Street

New York                        NY      10016
City                            State   ZIP Code

**Is the property insured?**

☐ No
☒ Yes. Insurance agency  Travelers Property Casualty Company of America
Contact name  EB Cohen Inse & Risk Management
Phone  973-403-9500

---

**Statistical and administrative information**

Debtor  **Sticky Fingers II LLC**
_____Name

Case number (*if known*) _____

| 13. Debtor's estimation of available funds | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|

| 14. Estimated number of creditors | ☐ 1-49<br>☒ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|

| 15. Estimated assets | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☒ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

| 16. Estimated liabilities | ☐ $0-$50,000<br>☒ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **04/25/2024**
_____MM / DD / YYYY

✗ **/s/ Jamie Greer**_____
Signature of authorized representative of debtor

**Jamie Greer**_____
Printed name

Title  **CEO**_____

Debtor   Sticky Fingers II LLC
         Name                                               Case number (*if known*)

| | | | |
|---|---|---|---|
| **18. Signature of attorney** | ✘ /s/ John W. Weiss | Date | 04/25/2024 |
| | Signature of attorney for debtor | | MM / DD / YYYY |

John W. Weiss
Printed name

Pashman Stein Walder Hayden, P.C.
Firm name

1007    North Orange Street, 4th Floor, Suite #183
Number    Street

Wilmington                                            DE            19801
City                                                  State         ZIP Code

302-592-6497                                          jweiss@pashmanstein.com
Contact phone                                         Email address

4160                                                  DE
Bar number                                            State

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page **5**

**Attachment 1**

**Pending or Current Bankruptcy Cases Filed by Affiliates**

On April 25, 2024, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Sticky's Holdings LLC | 46-2153586 |
| Sticky Fingers LLC | 45-2463212 |
| Sticky Fingers II LLC | 80-0957125 |
| Sticky Fingers III LLC | 47-4233914 |
| Sticky Fingers IV LLC | 81-3219412 |
| Sticky Fingers V LLC | 82-3181465 |
| Sticky Fingers VI LLC | 82-3210578 |
| Sticky's BK 1 LLC | 83-2820423 |
| Sticky's NJ 1 LLC | 83-1505162 |
| Sticky Fingers VII LLC | 83-1511491 |
| Sticky's NJ II LLC | 83-2886642 |
| Sticky Fingers IX LLC | 84-2555036 |
| Sticky's NJ III LLC | 83-3767036 |
| Sticky Fingers VIII LLC | 84-2040080 |
| Sticky's NJ IV LLC | 86-3616341 |
| Sticky's WC 1 LLC | 87-4490427 |
| Sticky's Franchise LLC | 92-1315232 |
| Sticky's PA GK I LLC | 85-3257496 |
| Stickys Corporate LLC | 83-2345719 |
| Sticky's IP LLC | 92-1324569 |

# WRITTEN CONSENT OF THE MAJORITY OF
# MANAGERS OF STICKY'S HOLDINGS LLC

The undersigned, being a majority of the managers (the "Managers") of Sticky's Holdings LLC, a Delaware limited liability company (the "Company"), acting by written consent pursuant to Article 5, Section 5.2.3 of the Fourth Amended and Restated Limited Liability Company Operating Agreement of the Company (the "Operating Agreement"), agree, pursuant to the Delaware Limited Liability Company Act, as amended, and the Operating Agreement, that they consent to and hereby adopt and approve, the following resolutions:

**WHEREAS**, the Managers have reviewed and considered, among other things, the financial condition of the Company and all of its subsidiaries (the "Subsidiaries"); and

**WHEREAS**, the Managers have received, reviewed, and considered the recommendations of the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy case under the provisions of subchapter V of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**NOW, THEREFORE, BE IT RESOLVED**, that, with respect to the Company and Subsidiaries, the Managers have determined that it is desirable and in the best interests of the Company and Subsidiaries, their stockholders, creditors, and other interested parties that voluntary petitions (the "Petitions") be filed by the Company and Subsidiaries under the provisions of subchapter V of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and be it

**FURTHER RESOLVED**, that Jamie Greer, and any other duly appointed officer of the Company (each, an "Authorized Person"), in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, to negotiate, execute, verify, deliver, and file with the Bankruptcy Court, in the name and on behalf of the Company and Subsidiaries, and under their corporate seal or otherwise, all petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, plans, and other documents (collectively, the "Chapter 11 Filings"), with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable (the execution and delivery of any of the Chapter 11 Filings by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it

**FURTHER RESOLVED**, that any Authorized Person, in each case, acting individually or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the Company and Subsidiaries, to take and perform any and all further acts and deeds that such Authorized Person deems necessary, appropriate, or desirable in connection with the Company's and Subsidiaries' chapter 11 cases (the "Chapter 11 Cases") or the Chapter 11 Filings, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, appropriate, or desirable, and (ii) negotiating, executing, delivering, performing and filing any and all additional documents, schedules,

statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Chapter 11 Cases with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it

**FURTHER RESOLVED**, that the retention of the law firm of Pashman Stein Walder Hayden, P.C. ("Pashman Stein"), to represent the Company and Subsidiaries as bankruptcy counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company and Subsidiaries in preparing and filing the Petitions, the Chapter 11 Filings, and related forms, schedules, lists, statements and other papers or documents, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Authorized Person, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company and Subsidiaries, to execute any appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of Pashman Stein; and be it

**FURTHER RESOLVED**, that the retention of KCC, LLC ("KCC") to act as the Company's and Subsidiaries' claims agent in the Chapter 11 Cases on the terms set forth in its engagement letter with the Company and to assist the Company and Subsidiaries with, among other tasks, case filing, creditor notification and claims administration, is hereby approved, adopted, ratified and confirmed in all respects; and in connection therewith, any Authorized Person, and each of them, acting either individually or jointly, are hereby authorized, empowered, and directed, in the name and on behalf of the Company and Subsidiaries, to execute any appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Cases, and cause to be filed an appropriate application for authority to retain the services of KCC; and be it

**FURTHER RESOLVED**, that the Authorized Persons or any one of them be, and each hereby is, authorized and empowered to engage such further accountants, counsel, consultants or advisors and to do such other acts and things as may be determined to be necessary or appropriate by the Authorized Person or Authorized Persons so acting in order to fully effectuate the purpose and intent of the foregoing resolutions and to accomplish the transactions contemplated thereby, such determination to be conclusively evidenced by the retention or taking of any such action by such Authorized Person; and be it

**FURTHER RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects adopted, confirmed, approved, and ratified.

**IN WITNESS WHEREOF**, the undersigned Managers have executed this consent on the date set forth below.

/s/ James Hart
James Hart
Date:

/s/ Paul Tuennerman
Paul Tuennerman
Date:

/s/ Brian Krumrei
Brian Krumrei
Date:

**Fill in this information to identify the case:**

Debtor name: Sticky's Holdings LLC, *et al.*

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | US Foods<br>1051 Amboy Avenue<br>Perth Amboy, NJ 08861 | Attn: Mark Tarr<br>Telephone: 267-251-9936<br>Email: mark.tarr@usfoods.com | Trade | | | | $449,963.00 |
| 2 | Leason Ellis LLP<br>One Barker Avenue<br>White Plains, NY 10601 | Attn: Cameron Reuber<br>Telephone: 914-288-0022<br>Email: Accounting@leasonellis.com | Legal Services | | | | $247,193.00 |
| 3 | Michael Best & Friedrich LLP<br>444 West Lake Street, Suite 3200<br>Chicago, IL 60606 | Attn: A. Goldblatt<br>Telephone: 312-222-0800<br>Email: MICHAELBEST_billing@igdsystems.com | Legal Services | | | | $49,947.00 |
| 4 | Rockfeld Group One Madison LLC<br>C/O JSRE Management, LLC<br>550 5th Avenue 4th Floor<br>New York, NY 10036 | Attn: George Rrukaj<br>Telephone: 212-756-8094<br>Email: georger@jsrellc.com | Lease | CUD | | | $48,579.00 |
| 5 | ResQ<br>18 King St. East St 700<br>Toronto ON<br>Canada | Attn: Coby Stronach<br>Telephone: 844-737-7349<br>Email: accounting@getresq.com | Trade | | | | $35,425.00 |
| 6 | Davis & Gilbert LLP<br>1675 Broadway<br>New York, NY 10019 | Attn: Daniel Dingerson<br>Telephone: 212-468-4800<br>Email: jheatherton@dglaw.com | Legal Services | | | | $17,209.00 |
| 7 | Restaurant365, LLC<br>500 Technology Drive, Suite 200<br>Irvine, CA 92618 | Attn: Gina Ratini<br>Telephone: 630-217-8566<br>Email: gratini@restaurant365.com | Trade | | | | $13,895.00 |
| 8 | AmTrust North America, Inc.<br>PO Box 6939<br>Cleveland, OH 44101 | Attn: Kathleen Mangulabnan<br>Telephone: 877-528-7878<br>Email: service@amtrustgroup.com | Insurance | | | | $8,232.00 |

Debtor  **Sticky's Holdings LLC, *et al.***  Case number (*if known*) _____
        Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | DoorDash, Inc.<br>303 2nd Street<br>San Francisco, CA 94107 | Attn: Amanda Resendes<br>Telephone: 508-269-6909<br>Email: amanda.resendes@doordash.com | Trade | | | | $5,750.00 |
| 10 | Ludlow Creative<br>48 Lawridge Drive<br>New York, NY 10573 | Attn: Luca Rietti<br>Telephone: 914-329-9538<br>Email: lr@ludlowcreative.com | Trade | | | | $5,200.00 |
| 11 | Restaurant Technologies, Inc.<br>12962 Collections Center Dr<br>Chicago, IL 60693 | Attn: Jose Mieles<br>Telephone: 1-888-769-4997<br>Email: jmieles@rti-inc.com | Vendor | | | | $4,611.00 |
| 12 | W.B. Mason Company Inc.<br>59 Centre Street<br>Brockton, MA 02303 | Attn: Mike Gualtier<br>Telephone: 1-888-926-2766<br>Email: mike.gualtier@wbmason.com | Vendor | | | | $4,069.00 |
| 13 | Con Ed (Consolidated Edison Company of New York, Inc.)<br>PO Box 1701<br>New York, NY 10116 | Attn:<br>Telephone: 1-800-752-6633<br>Email: ConEd-bill@emailconed.com | Utility | | | | $3,640.00 |
| 14 | Science On Call (Science Retail Inc.)<br>1 N Dearborn St #1750<br>Chicago, IL 60602 | Attn: Ken Tsang<br>Telephone: 1-312-868-0664<br>Email: Support@scienceoncall.com | Vendor | | | | $2,587.00 |
| 15 | Spectrotel, Inc<br>104 West 40th Street, 400/500<br>New York, NY10018 | Attn: Peter Karoczki<br>Telephone: 917-410-1522<br>Email: peterk@gothamcloud.com | Vendor | | | | $2,392.00 |
| 16 | Chubb Limited<br>1133 Avenue of the Americas<br>New York, NY 10036 | Attn: John Lupica<br>Telephone: 212-703-7000<br>Email: customercare@chubb.com | Insurance | | | | $2,363.00 |
| 17 | Orkin, LLC<br>2170 Piedmont Rd. NE.<br>Atlanta, GA 30324 | Attn: Eldon Wayne Dempsey III<br>Telephone: 888-675-4662<br>Email: wdempsey@rollins.com | Vendor | | | | $2,276.00 |
| 18 | PSE&G (Public Service Enterprise Group, Inc)<br>PO Box 1444<br>New Brunswick, NJ 08906 | Attn:<br>Telephone: 1-855-249-7734<br>Email: myaccount@pseg.com | Utility | | | | $1,930.00 |
| 19 | ELK 33 EAST 33RD LLC (Delaware (US))<br>489 5TH AVE, 7TH FL<br>New York, NY 10017 | Attn: Morry Kalimian<br>Telephone:<br>Email: | Pending Litigation | CUD | | | Undetermined |
| 20 | Sticky Fingers Restaurants, LLC<br>311 Johnnie Dodds Blvd<br>Mt. Pleasant, SC 29464<br><br>Leech Tishman<br>875 Third Avenue, 9th Floor<br>New York, NY 10022 | Attn: Laura-Michelle Horgan<br>Telephone: 212-603-6365<br>Email: lmhorgan@leechtishman.com | Pending Litigation | CUD | | | Undetermined |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**    page 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>Sticky Fingers II LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 24- |

**CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY HOLDERS**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are equity holders, other than governmental units, that directly or indirectly own 10% of more of any class of the Debtor's equity interests:

| Name and last known address or place of business of holder | Percentage of Ownership |
|---|---|
| Sticky's Holdings LLC<br>24 East 23rd Street<br>New York, NY 10010 | 100% |

**Fill in this information to identify the case and this filing:**

Debtor Name: Sticky Fingers II LLC

United States Bankruptcy Court for the: District of Delaware
State)

Case number (If known):

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration   Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 04/25/2024        ✗ /s/ Jamie Greer
MM / DD / YYYY                   Signature of individual signing on behalf of debtor

Jamie Greer
Printed name

CEO
Position or relationship to debtor

---

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Sticky's Holdings LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24- |

### DECLARATION OF JAMIE GREER PURSUANT TO 11 U.S.C. § 1116(1)

I, Jamie Greer, hereby declare as follows:

1. I am the chief executive officer ("CEO") of the above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Sticky's").

2. As the Debtors' CEO, I am generally familiar with each of the Debtors' businesses, day-to-day operations, financial affairs, and books and records. Except as otherwise indicated, the statements set forth in this declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents, information supplied to me from the Debtors' advisors, or my own opinion based on my knowledge, experience and information concerning the Debtors' operations and financial condition. I am authorized to submit this declaration on behalf of the Debtors. If called to testify, I could and would testify competently to the matters set forth in this declaration.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are as follows: Sticky's Holdings LLC (3586); Sticky Fingers LLC (3212); Sticky Fingers II LLC (7125); Sticky Fingers III LLC (3914); Sticky Fingers IV LLC (9412); Sticky Fingers V LLC (1465); Sticky Fingers VI LLC (0578); Sticky's BK 1 LLC (0423); Sticky's NJ 1 LLC (5162); Sticky Fingers VII LLC (1491); Sticky's NJ II LLC (6642); Sticky Fingers IX LLC (5036); Sticky's NJ III LLC (7036); Sticky Fingers VIII LLC (0080); Sticky NJ IV LLC (6341); Sticky's WC 1 LLC (0427); Sticky's Franchise LLC (5232); Sticky's PA GK I LLC (7496); Stickys Corporate LLC (5719); and Sticky's IP LLC (4569). The Debtors' mailing address is 24 E. 23rd Street, New York, NY 10010.

3. Pursuant to 11 U.S.C. § 1116(1), I am aware that the Debtors are required to either: (1) append to their bankruptcy petitions (collectively, the "Bankruptcy Petitions," and each, a "Bankruptcy Petition") their most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return; or (2) provide a statement that no such balance sheet, statement of operations, cash-flow statement and Federal income tax return exists.

4. Appended to the Bankruptcy Petition for Debtor Sticky's Holdings LLC ("Sticky's Holdings") are the following: (1) a balance sheet; (2) a statement of operations; (3) a Federal income tax return; and (4) a cash-flow statement.

5. While Sticky's Holdings has appended its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return, the remaining Debtors have not appended these documents to their respective Bankruptcy Petitions. This is because Sticky's Holdings creates consolidated documents for all of the Debtors under Sticky's Holdings' name. Therefore, no Debtor, other than Sticky's Holdings, has the documents required by 11 U.S.C. § 1116(1).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: April 24, 2024
New York, NY                                             /s/ Jamie Greer
                                                          Jamie Greer